# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. JONES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>S. NIEHUS, et al.,<br><br>　　　　　Defendants. | 1:12cv01963 LJO DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR DISCOVERY<br><br>(Document 36) |

Plaintiff Mark A. Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. The action is proceeding on Plaintiff's Second Amended Complaint for First Amendment retaliation against Defendants S. Niehus, A. Maxfield and K. Matta.

Pursuant to the February 2, 2015, Discovery and Scheduling Order, discovery closed on July 2, 2015. The dispositive motion deadline is February 27, 2016.

Defendants' motion for summary judgment based on exhaustion is pending.

On October 22, 2015, Plaintiff filed a "motion for discovery," in which he sets forth interrogatories directed to Defendants.[1] As Plaintiff filed it as a motion, it is unclear whether he served the actual discovery requests on Defendants.

---

[1] The discovery does not relate to exhaustion.

1

In any event, discovery has closed.  If Plaintiff wishes to serve additional discovery, he must move to modify the Discovery and Scheduling Order.  The Court provides the following legal standard for Plaintiff's information.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                            /s/ Dennis L. Beck
                                                     UNITED STATES MAGISTRATE JUDGE