# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. JONES,<br><br>Plaintiff,<br><br>v.<br><br>S. NIEHUS, et al.,<br><br>Defendants. | Case No.: 1:12-cv-01963 LJO DLB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Document 38) |

Plaintiff Mark A. Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on December 3, 2012. Pursuant to the Court's screening order, this action is proceeding against Defendants Matta, Maxfield and Niehus for retaliation in violation of the First Amendment.

Defendants Niehus and Matta[1] filed a motion for summary judgment on June 4, 2015, based on Plaintiff's failure to exhaust his administrative remedies. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

[1] This motion does not relate to the claims against Defendant Maxfield.

On November 17, 2015, the Magistrate Judge issued Findings and Recommendations that the motion be granted and that the claims against Defendants Niehus and Matta be dismissed without prejudice for failure to exhaust. The Findings and Recommendations were served on the parties and contained notice that any objections must be filed within thirty days. After receiving an extension of time, Plaintiff filed objections on January 14, 2016. Defendants did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

*Defendant Niehus*

Plaintiff continues to argue that appeal COR-13-08135 exhausted his retaliation claim against Defendant Niehus. In his Second Amended Complaint, Plaintiff alleges that Defendant Niehus validated him as a gang member in retaliation for a prior legal action. Appeal COR-13-08135, as the Magistrate Judge explained, does not exhaust this claim because it doesn't suggest that his validation was retaliatory in nature. Rather, appeal COR-13-08135 seeks to discover the evidence that supported his gang validation.

Plaintiff argues that there is no way to separate the two issues, and he notes that the Second and Third Level decisions refer to the CDC 1030s written by Defendant Niehus. In support, Plaintiff argues that he is not required to name the officials involved in the grievance where he has sufficiency described the conduct. Plaintiff is correct that he need not name every staff member involved, but the description of the issue must nonetheless have been sufficient to put the prison on notice of the claims so as to fulfil the basic purposes of exhaustion. Reyes v. Smith, -- F.3d --, 2016 WL 142601 (9th Cir. 2016); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). Appeal COR-13-08135 challenged the evidence used to in Plaintiff's validation. It did not put the prison on notice that Plaintiff believed that his validation was retaliatory in nature.

///

///

*Defendant Matta*

In his opposition to the motion, Plaintiff argued that an appeal concerning Defendant Matta was improperly screened out at the Second Level. Now, for the first time in his objections, Plaintiff argues that he exhausted his appeal against Defendant Matta when (1) he exhausted his appeal against Defendant Maxfield on the same issue in appeal 12-05795; and (2) his appeal against Defendant Matta was screened out at the Second Level as duplicative.

In appeal 12-05795, Plaintiff specifically named Defendant Maxfield and alleged that Defendant Maxfield's endorsement of transfer to Pelican Bay State Prison was in retaliation for Plaintiff's filing of a habeas action against her. The habeas action alleged that Defendant Maxfield improperly added an "R" suffix to his Chrono.

Plaintiff's claim against Defendant Matta, however, is not sufficiently addressed in this appeal. In his Second Amended Complaint, Plaintiff alleges that on August 29, 2012, he discovered that Defendant Matta had added murder to his Chrono in an attempt to have him transferred from Corcoran State Prison. The issue in appeal 12-05795, while similar, specifically addresses Defendant Maxfield's addition of an "R" suffix. Moreover, the appeal was filed on August 13, 2012, prior to Plaintiff's discovery of Defendant Matta's alleged conduct. It therefore could not have placed the prison on notice of Plaintiff's claim against Defendant Matta. To the extent that Plaintiff thinks he added his claim against Defendant Matta to the appeal by raising it after the First Level denial, he cannot add claims during the appeal process.

Finally, as to Plaintiff's claim of an improper screen out, he fails to adequately address the Magistrate Judge's finding that Plaintiff did not follow instructions and resubmit his appeal.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed November 17, 2015, are adopted in full;
2. The motion for summary judgment filed by Defendants Niehus and Matta (Document 31) is GRANTED;

3. The claims against Defendants Niehus and Matta are DISMISSED WITHOUT PREJUDICE for failure to exhaust. Defendants Niehus and Matta are therefore DISMISSED FROM THIS ACTION.

IT IS SO ORDERED.

Dated: **February 3, 2016**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE